**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISSA L. DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 3:20-cv-07310<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Larissa L. Diaz ("Plaintiff"), by and through the undersigned counsel, complaining of I.Q. Data International, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Rosenthal Fair Debt Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.

1

§1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of California, Defendant conducts business in the Northern District of California, and Defendant maintains significant business contacts in the Northern District of California.

**PARTIES**

5.      Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in Pittsburg, California.

6.      Defendant is a business entity engaged in the collection of debts within the State of California. Defendant is incorporated in the State of Washington.

7.      The principal purpose of Defendant's business is the collection of defaulted debts allegedly owed to third parties.

**FACTS SUPPORTING CAUSES OF ACTION**

8.      Prior to the conduct giving rise to this cause of action, Plaintiff allegedly defaulted on a personal debt owed to Diamond Hillside Apartments for approximately $3,700 ("subject debt").

9.      Subsequently thereafter, Defendant acquired the rights to collect upon the subject debt after it was in default.

10.     Plaintiff was served with paperwork for a court proceeding filed by Defendant against Plaintiff.

11.     Upon being served, Plaintiff entered into a payment plan with Defendant in which she was required to pay $50 per month. Throughout the next few months, Plaintiff paid approximately $1,000 towards the subject debt.

12.     After entering into the payment plan with Defendant, Plaintiff began receiving

2

phone calls from Defendant to her cellular phone number (925) XXX-5431, attempting to collect the subject debt despite entering into an agreed upon payment plan.

13.     At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 5431. Plaintiff is and has always been financially responsible for this telephone and its services.

14.     In or around the summer of 2020, Plaintiff answered a call from Defendant, and Defendant's representative offered to settle the subject debt for $2,800 ("settlement offer").

15.     Defendant's representative stated that the settlement offer was only valid that day and must be paid immediately.

16.     Plaintiff informed Defendant that she could not afford to pay the settlement offer as she is a single mother who did not have the funds and needed the little money she currently had for every day necessities, like food and rent.

17.     Upon hearing that Plaintiff rejected the settlement offer, Defendant's representative told Plaintiff that she was "not being responsible" and that she needed to "be an adult."

18.     Defendant's representative proceeded to state: "we will be drafting the $2800 from your account today, make sure the funds are in there." In response, Plaintiff stated: "you cannot do that, I don't have the money, it will overdraft, and I need the money for rent." Plaintiff pleaded with Defendant's representative for an additional two minutes asking Defendant to not draft the subject debt from Plaintiff's account. Defendant finally responded with: "this has gone on for far too long, the funds better be there." Defendant ended the call.

19.     Plaintiff later learned that despite rejecting Defendant's settlement offer, Defendant had attempted to withdraw $2,800 from her account, causing Plaintiff to overdraft.

20.     Defendant's unauthorized withdrawal attempt was declined for insufficient funds.

3

21.     Due to Defendant's unauthorized attempt to withdraw payment, Plaintiff has become depressed, anxious, nervous, and emotionally distressed that her banking information may be used by Defendant to steal her identity, or to further attempt to withdraw funds from her account without her consent.

### DAMAGES

22.     Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

23.     Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

24.     Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

25.     Defendant's harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, waiting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, increased risk of future identity theft, harassment, depression, emotional distress, anxiety, and loss of concentration.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26.     Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27.     Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28.     The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29.     Defendant used the phone to attempt to collect the subject debt and, as such,

engaged in "communications" as defined in FDCPA §1692a(2).

30.     Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects defaulted debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

31.     Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

32.     Defendant violated 15 U.S.C. §§1692d, d(2), e, e(4), e(5), e(10), f, and f(1) through its unlawful debt collection practices.

**a.  Violations of FDCPA §1692d**

33.     Defendant violated §§1692d and d(2) when its representative used harassing and abusive language in a conversation with Plaintiff. Defendant's representative chastised Plaintiff for not accepting the settlement offer and stated that she was "not being responsible" and that she needed to "be an adult." This type of language was only used to embarrass Plaintiff so she would agree to Defendant's settlement offer even after she stated she could not afford it.

**b.  Violations of FDCPA §1692e**

34.     Defendant violated §§1692e, e(4), e(5), and e(10) when it attempted to withdraw $2,800 from Plaintiff's account without authorization. Defendant's conduct implied that Plaintiff's nonpayment of the subject debt would, result in the unlawful seizure of Plaintiff's property, although such conduct was not lawful. It was false, deceptive, and misleading for Defendant to attempt to make this withdrawal as it was entirely without authorization.

35.     Moreover, Defendant violated §§1692e and e(10) when it falsely and deceptively attempted to withdraw funds from Plaintiff's account without authorization. Because Plaintiff made no such authorization, Defendant's representation to the contrary was inherently false, deceptive, and misleading.

### c.  Violations of FDCPA §1692f

36.     Defendant violated §§1692f and f(1) by using unfair and unconscionable means in attempt to collect the subject debt. Defendant attempted to make an unauthorized withdrawal from Plaintiff's account despite Plaintiff never authorizing such withdrawal.

**WHEREFORE**, Plaintiff, LARISSA L. DIAZ respectfully requests that this Honorable Court:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d.  Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

37.     Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38.     Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

39.     The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

40.     Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a   Violations of RFDCPA § 1788.17

41.     The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

6

42. As outlined above, through their conduct in attempting to collect upon the subject consumer debt, Defendant violated 1788.17; and 15 U.S.C. §1692e and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

43. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b)

**WHEREFORE**, Plaintiff, LARISSA L. DIAZ, respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: October 19, 2020                        Respectfully submitted,

                                              By: */s/ Nicholas M. Wajda*
                                              Nicholas M. Wajda (State Bar No. 259178)
                                              **WAJDA LAW GROUP, APC**
                                              6167 Bristol Parkway, Suite 200
                                              Culver City, California 90230
                                              Telephone: (310) 997-0471
                                              Facsimile: (866) 286-8433
                                              Email: nick@wajdalawgroup.com
                                              *Attorney for Plaintiff*